# United States District Court
for the
Southern District of Indiana

| | |
|---|---|
| BRANDI CAMPBELL, individually and on Behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOUCH OF CLASS, INC., JAMES D. MCCOLLUM, JOE DOWNING,<br><br>Defendants. | Case No. 1:22-cv-1918 |

### CLASS ACTION COMPLAINT

### I.

### INTRODUCTION

1. The Plaintiff, Brandi Campbell, brings this action on behalf of herself and other exotic dancers who have worked at Touch of Class, Inc. d/b/a Club Coyote ("Club Coyote"), an adult entertainment strip club located at 1080 Corey BLVD, Crawfordsville, IN 47933, which is owned and managed by James D. McCollum and Joe Downing. As described further below, Club Coyote flagrantly attempts to circumvent federal and state law by misclassifying its exotic dancers as independent contractors rather than employees. As a result, Club Coyote pays its Dancers absolutely no compensation; instead, Dancers are paid only by receiving tips from customers, which they are required to pay back in part to the club, as well as to share with other individuals who are not eligible to share in a tip pool. Moreover, Club Coyote, its owners, and its managers refuse to prevent and, in some instances, encourage the sexual harassment and sexual assault of its dancers.

## II.

## PARTIES

2.	At all times relevant to the facts herein, Ms. Campbell was an Illinois resident employed by Club Coyote. She was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this complaint. At all times hereinafter mentioned, Ms. Campbell was an individual employee who was engaged in commerce as required by 29 U.S.C. §206.

3.	Defendant Touch of Class, Inc. is a Domestic Indiana Corporation with its principle place of business in Crawfordsville, IN.  Touch of Class, Inc. is an "employer" as defined by the FLSA, 29 U.S.C. §203(d).

4.	James D. McCollum ("McCollum") is an owner of Club Coyote. In this capacity, McCollum exercised operational control over Club Coyote, controlled significant business functions of Club Coyote, determined employee pay and made hiring decisions, and acted on behalf of and in the interest of Club Coyote in devising, directing, implementing, and supervising the practices and policies relating to the payment of Ms. Campbell's and Dancer wages. As such, McCollum is an "employer" as defined by the FLSA, 29 U.S.C. §203(d).

5.	Joe Downing ("Downing") is an owner of Club Coyote. In this capacity, Downing exercised operational control over Club Coyote, controlled significant business functions of Club Coyote, determined employee pay and made hiring decisions, and acted on behalf of and in the interest of Club Coyote in devising, directing, implementing, and supervising the practices and policies relating to the payment of Ms. Campbell's and Dancer wages. As such, Downing is an "employer" as defined by the FLSA, 29 U.S.C. §203(d).

### III.

### JURISDICTION

6. This Court has jurisdiction over Defendants because Ms. Campbell has asserted a claim arising under federal law.

7. Venue is proper in the Southern District of Indiana pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391 because Club Coyote is located in this district and the challenged conduct occurred in this district.

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(a) of the FLSA, 29 U.S.C. §203(s)(1)(a). Furthermore, Defendants' annual gross sales and or business done exceeds $500,000.00.

10. Additionally, this Court has jurisdiction under 42 U.S.C.A. §§ 2000e-5(f), 2000e-6(b) and 28 U.S.C.A. §§ 1331, 1343(a), and 1345 and because this action is brought, in part, to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq.

11. All conditions precedent to filing suit have been satisfied.

### IV.

### FACTUAL BACKGROUND

12. From February 26, 2022 to April of 2022, Ms. Campbell was employed by the Defendants as a Dancer, and all references to "Dancers" includes Ms. Campbell.

13. The Defendants have exercised extensive control over the manner in which its exotic dancers perform their jobs and conduct themselves while on Club Coyote's premises,

including where to be on the premises and when, how much they can receive for private dances and sessions, and how they can interact with customers.

14. For example, Defendants control the time dancers work, how long dancers must dance, conduct with customers, dress attire, break times and locations, and work duties, including nightly cleaning.

15. Moreover, customers purchase dances and entertainment services provided by specific dancers directly from Club Coyote.

16. Dancers must work until the Club closes at the end of the night.

17. Defendants advertise specific dancers, and dancers have no control over the music volume, advertising, or atmosphere at the Club, which is controlled entirely by Defendants.

18. While food and drink are served by the Defendants, the primary business of the Defendants is exotic dancing provided by dancers.

19. Club Coyote establishes the prices for all customer dances. Dancers could not negotiate the dance prices with the Club. Likewise, Plaintiff and the other dancers were prohibited from charging customers more or less than Club Coyote's established prices.

20. Defendants retain the power to hire and fire the dancers and have disciplined or threatened to discipline dancers who do not comply with Defendants' requirements regarding the manner and means of their work. For example, Defendants may fine dancers for a variety of work-related conduct.

21. At all relevant times, Club Coyote dancers have not held themselves out to be in business for themselves. Instead, the dancers are economically dependent on their relationship with Defendants for a substantial portion of their earnings.

22. Club Coyote is in the business of providing adult entertainment to its patrons.

Thus, the dancers clearly perform services in the usual course of Defendants' business, and without the dancers, Club Coyote would have no business, such that the dancers' work is integral to Defendants' business.

23. At all times relevant to this Complaint, Defendants have treated Plaintiff and their other dancers in a substantially similar manner with respect to their employment policies and'

24. Dancers are not paid any wages by the Defendants, including the prevailing state and federal minimum wage.

25. At all relevant times, the federal and Indiana minimum wage has been $7.25 per hour.

26. The dancers who have worked at Club Coyote receive compensation only in the form of gratuities from patrons.

27. In order to perform their job, the dancers have been required to pay "house fees" to Club Coyote for every shift they work. The typical house fee is $20 to $60 per shift.

28. The dancers have also been required to share their tips with managers and with non-service employees or agents of Club Coyote, such as disc jockeys, and security.

29. Moreover, Defendants maintain a sexually dangerous and hostile work environment.

30. Specifically, Ms. Campbell was routinely sexually harassed and sexually assaulted by customers.

31. This conduct occurred with the full knowledge of the Defendants.

32. In fact, when Ms. Campbell complained, Defendants took no corrective action, but instead, accused Ms. Campbell of being "unfriendly" with customers.

33. Thus, Defendants actively encouraged such conduct.

34. Ms. Campbell was subjected to customers touching and attempting to touch her body and genitals in a sexual manner.

35. After complaining, the Defendants terminated Ms. Campbell's employment, due to and in retaliation for her complaints and her unwillingness to permit such inappropriate conduct.

36. As a purveyor of a sexually-oriented entertainment business, Defendants should take heightened precautions to protect against sexual harassment and sexual assault.

37. Instead, Defendant's conduct encourages such conduct.

## V.

## CLASS AND COLLECTIVE ALLEGATIONS

38. Plaintiff brings this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as an exotic dancer at Club Coyote at any time between three years prior to the filing of this lawsuit and the entry of judgment in this case, who may choose to "opt-in" to join this lawsuit.

39. This action on behalf of the Rule 23 class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed class regarding; (1) Club Coyote's conduct in misclassifying dancers as independent contractors; (2) failing to ensure they are paid at least minimum wage for their work, and (3) effectively making illegal deductions from their wages by keeping a percentage of the dancers' tips that are paid by customers, and uniformly requiring dancers to pay a portion

    of their tips to the Defendants and to managers and other non-service employees.

  c. The claims of Plaintiff Campbell are typical of the claims of the proposed class and she has the same interests as the other members of the class; and

  d. Plaintiff Campbell will fairly and adequately protect the interests of the class as she has retained able counsel experienced in class action litigation, and her interests are coincident with, and not antagonistic to, the interests of the other class members.

40. In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical.

41. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I

## FAILURE TO PAY MINIMUM WAGE (CLASS ACTION)

42. Ms. Campbell hereby incorporates by reference paragraphs 1-42 of her Complaint.

43. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §§203 and 206 by employing Ms. Campbell and the members of the proposed class in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA without properly compensating them for their employment.

44. Moreover, the Defendants wrongfully deducted and pooled amounts from the tips earned by Ms. Campbell and the members of the proposed class.

45. Plaintiff and the members of the proposed class are employees of Defendants for purposes of the Fair Labor Standards Act during all times relevant to this Complaint. Defendants have failed to pay Plaintiff and the members of the proposed class an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C).

46. Plaintiff and the members of the proposed class are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendants to compensate Plaintiff and the members of the class at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendants knew or should have known that Plaintiff and the other dancers, performing the same job functions, were being improperly misclassified as independent contractors given the wealth of case law that has concluded similarly situated exotic dancers are employees of the clubs for which they work.

47. Plaintiff and the members of the proposed class are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Club Coyote who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b. A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage provisions of the FLSA, and have deprived Plaintiff and the members of the class of their rights to such compensation;

c.  A declaratory judgment that the plaintiffs and class members are employees, not independent contractors under the FLSA;

d.  Certification of a class pursuant to Fed. R. Civ. P. 23;

e.  An order requiring Defendants to provide a complete and accurate accounting of all the wages to which Plaintiff and members of the class are entitled;

f.  An award of monetary damages to Plaintiff and members of the class in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

g.  Attorneys' fees and costs; and

h.  all other just and proper relief.

## COUNT II

### SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT/RETALIATION

48. Ms. Campbell hereby incorporates by reference paragraphs 1-48 of her Complaint.

49. Defendants, together with and under the approval and knowledge of all the other named Defendants, acted to create and maintain a hostile work environment for the Plaintiff because of her gender, by engaging in the above described behavior and by other such actions too numerous to list in their entirety, but to which Plaintiff will testify at the time of trial, and to which Defendants are collectively put on notice through the above described actions perpetrated by and reported to Jeremy Loewenstein, Amber Loewenstein, and Lyonna Silva, Plaintiff's supervisors.

50. After Ms. Campbell complained and objected to Defendants' actions encouraging such improper conduct, Defendants terminated her employment, due to her refusal to participate and in retaliation for her complaints.

51. Defendants' actions and inactions have created a hostile work environment.

52. The Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission, and she has received the Notice of Right to Sue, and this lawsuit is filed within 90 days of receipt of the Notice.

WHEREFORE, Plaintiff prays for judgment against the Defendants for actual and consequential damages, special damages, mental anguish, pre-judgment and post-judgment interest, the costs of this action, attorney fees, and all other just and proper relief.

## JURY DEMAND

Plaintiff demands a trial by jury as to all claims and issues so triable.

Respectfully submitted,

/s/Brian R. DeHem
Brian R. DeHem, #28524-53
Attorney for the Plaintiff,
Brandi Campbell

DEHEM LAW, LLC
P.O. Box 125
Noblesville, Indiana 46061
P:317-428-8333
E: brian@dehemlaw.com