UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDI CAMPBELL individually and on Behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) TOUCH OF CLASS, INC. Clerk's Entry of ) Default Entered on 6/6/2023, ) JAMES D. MCCOLLUM, ) JOE DOWNING, ) MICHAEL W. BICKERS, ) DENISE M. WILHOIT, ) ) Defendants. ) | No. 1:22-cv-01918-SEB-CSW |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation for Dismissal ("R&R") of the pending case filed by the Magistrate Judge based on Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), as evidenced by Plaintiff's persistent failures to obey court orders and court imposed deadlines and generally to take any initiative in litigating this case unless specifically prompted by the Magistrate Judge's threats and warnings and other forms of spoon-feeding. As detailed in the R&R, the Court has been required to file four separate Orders to Show Cause based on Plaintiff's failures to comply with the Magistrate Judge's prior orders, which are the predicate to her recommended dismissal. For the reasons explained below, the R&R is adopted.

Plaintiff's most recent response to a show cause order was filed on May 29, 2025. In response, on **June 24, 2025**, the Magistrate Judge ordered "the parties … to meet and confer and file a joint report on status of discovery that includes details on the following: (1) discovery completed to date; (2) discovery anticipated to be completed in the next 30 days; (3) discovery

anticipated to be completed in the next 60 days; and (4) any disputes concerning discover efforts." (Dkt 48). When no such reports were filed by **July 29, 2025,** rather than issue yet another order to show cause, the Magistrate Judge filed the pending R&R recommending a dismissal of this lawsuit. Spurred by that recommendation, Plaintiff filed a Response (Dkt 50) the very next day, on July 30, 2025, showing once again that without an ultimatum by the Magistrate Judge, Plaintiff's counsel undertakes no actions to prosecute this action.

      Plaintiff's counsel's most recent "Response" is problematic in various ways. We provide the following summary of the docket to illustrate the insufficiencies of Plaintiff's counsel in litigating this case. The original complaint titled, "Class Action Complaint," consisted of two claims (FLSA and sexual harassment) against three defendants: Touch of Class, Inc, James D. McCollum and Joe Downing. Touch of Class, Inc. was the only defendant ever served with the complaint, which occurred on or about October 13, 2022. (Dkt. 5). Nothing occurred in terms of prosecuting this case for four months, prompting the Magistrate Judge to issue her **first show cause order** requiring Plaintiff to explain why the case should not be dismissed for lack of prosecution. Plaintiff's Response included the simultaneous filing of a Motion for Clerk's Entry of Default as to Defendant Touch of Class, Inc. as well as a report that service of process had not yet been perfected as to the other two defendants. The Clerk's default against Defendant Touch of Class, Inc was entered on the docket on June 6, 2023. (Dkt. 10) No steps have since been undertaken by Plaintiff to convert the Clerk's entry of default against Touch of Class, Inc. into a default judgment.

      Another six months passed with no activity by Plaintiff's counsel to prosecute this action. Specifically, service of the original Complaint was never accomplished as to Defendants McCollum and Downing. **Another show cause order** was issued on January 3, 2024, to which

Plaintiff's counsel responded on January 23, 2024 (Dkt. 23) explaining that his inability to locate McCollum and Downing was ongoing, preventing service on them.  In addition, he reported that Touch of Class, Inc. has closed its doors and is apparently no longer in business.  For whatever reason, Touch of Class has never filed an answer to the complaint, which likely doesn't matter in terms of this litigation given the June 6, 2023, Entry of Default against that business.

On January 24, 2024, Plaintiff filed a motion to amend the class action complaint, and another show cause order was issued on February 23, 2004 (Dkt.15) in conjunction with an order granting the motion to amend the Complaint (Dkt 15-19).  The Amended Class Action Complaint repeated the original claims against Defendants Touch of Class, Inc. (even though at this point, Touch of Class had been defaulted on the claims in the original complaint) as well as the still unserved Defendants, McCollum and Downing, and added two new defendants, Michael Bickers and Denise Wilhoit; summonses were issued for all defendants on the Amended Complaint.  Between February 23 and June 3, 2024, Plaintiff's counsel, again having taken no action to prosecute this lawsuit, was issued yet another order to show cause on June 03, 2024  (Dkt. 20).

The docket reflects that Plaintiff succeeded in serving the Amended Complaint on Bickers and Wilhoit on or about June 11, 2024, both of whom filed their answers/counterclaims on June 24, 2024 (Dkt25, 26).  A summons was served on Joe Downing on July 17, 2024 (Dkt.30).  Thus, with the exception of now defaulted Touch of Class, Inc., and McCollum, all defendants were before the court.  Discovery by Plaintiff began in mid-July, 2024 (Dkt 29), and thereafter the Court issued scheduling orders along with a proposed case management plan.  An initial pretrial was conducted by the Magistrate Judge on February 6, 2025.  (Dkt. 3).  According to the docket, conferences with counsel were set to occur before the Magistrate Judge and deadlines were imposed to accomplish class action certification, discovery, and the submission of

status reports by the parties. Defendants Bickers and Wilhoit were generally non-compliant with this schedule, and Plaintiff's counsel soon followed suit. Thus, another show cause order was issued by the Magistrate Judge on April 23, 2025, prompting Plaintiff to file the previously ordered witness and exhibit lists and to explain his failure to file a status report. (Dkt. 41). Three weeks later, on May 20, 2025, Defendants Bickers and Wilhoit filed a motion to compel Plaintiff to provide discovery responses to them, to which Plaintiff objected; the Court overruled Plaintiff's objection and, on May 30th (Dkt 47), granted the motion to compel, directing Plaintiff to file the discovery responses within 30 days (to wit, by June 30th). On June 24th, the parties were ordered to meet and confer and file a status report with a schedule for the completion of discovery (Dkt 48).

When no status report was filed in response to the June 24th order, the Magistrate Judge, no doubt by this time thoroughly frustrated by Plaintiff's persistent inattention to litigating this case, filed the pending R&R recommending its dismissal. Plaintiff's July 30, 2025, terse Response to the R&R, attributed counsel's failure to meet and confer with the two defendants and file a joint response to his inability to make contact with the uncooperative and elusive defendants, who were litigating their defenses pro se. No elaboration was provided in that Response as to Plaintiff's counsel's efforts to make such contacts, no argument was advanced suggesting that Defendants were intentionally eluding Plaintiff's counsel's efforts to reach them, nor was there any indication of due diligence by Plaintiff's counsel establishing his attempted compliance with these orders. Apparently frustrated himself with the fits and starts of this case, Plaintiff's counsel has now stated that he "does not object to" the dismissal of the claims against Defendants Bickers and Wilhoit, thereby throwing in the towel on virtually the entirety of his lawsuit, though he has not specifically, officially moved for dismissal. Treating the "default

4

against Defendants Touch of Class, Inc. and Joe Downing," as a bird in the hand, Plaintiff's counsel has stated that those claims "should remain", whatever that means. He fails to acknowledge that his entry of default against Touch of Class, Inc. on the claims in the original complaint has never been converted into a default judgment. Further, Joe Downing was served, on July 17, 2024, and has not been defaulted. Defendant McCollum's status is entirely unclear. These inconsistencies and the general procedural confusion reflected in the Docket leave us with great uncertainty as to the actual "state of play" in this litigation.

In any event, we understand Plaintiff's response to the R&R to be that at this point she is willing to settle for a (default) judgment against Touch of Class, Inc. (assuming she actually moves for and is granted such). Whether that business is a going concern, allowing a judgment to be collectable, is a matter on which the Court will not speculate. Because Plaintiff's counsel has announced his desire to dismiss the claim against all the other named defendants (including Mr. Downing), the Court shall grant that motion. The claim against Defendants Joe Downing, Michael W. Bickers, Denise M. Wilhoit and James D. McCollum are each hereby DISMISSED WITHOUT PREJUDICE. Plaintiff is allowed seven days from the date of this entry to move for a default judgment pursuant to Rule 55(b)(2), Fed.R.Civ.P., against Touch of Class, Inc. based on the Clerk's prior entry of default. A failure to move for default judgment (within the specified time period) will result in a dismissal as to Defendant Touch of Class, Inc. This dismissal effectively constitutes an acceptance of the Magistrate Judge's recommendation set out in her R&R. The R&R is therefore adopted.

IT IS SO ORDERED:

Date:  9/17/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL W. BICKERS
537 Deer Run Trail
Charleston, IL 61920

DENISE M. WILHOIT
537 Deer Run Trail
Charleston, IL 61920

Brian Richard Dehem
DeHem Law, LLC
brian@dehemlaw.com